UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GARCIA-CORTES, | No. 1:25-cv-1777-WBS-SCR |
| Petitioner, | |
| v. | ORDER |
| GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee for this action. In light of the fact that petitioner paid the filing fee, his motion to proceed in forma pauperis is denied as moot.

Petitioner has also filed a motion for the appointment of counsel. At this early stage in the litigation, it is not clear that the interests of justice require the appointment of counsel for petitioner. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Therefore, petitioner's motion for counsel is denied without prejudice to renewal.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] Because petitioner may be entitled

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

to the requested relief if the claimed violation of constitutional rights is proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return. See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as moot based on the payment of the filing fee for this action.

2. Petitioner's motion to appoint counsel (ECF No. 3) is denied without prejudice to renewal.

3. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

4. Respondent's answer/response to the § 2241 petition is due no later than 20 days from the date of this order.

5. Petitioner's reply is due 14 days after being served with the answer.

6. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: December 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE