UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FERNANDO GARCIA CORTES,

           Petitioner,

    v.

CHRISTOPHER CHESTNUT, et al.,

           Respondents.

No. 1:25-cv-01777 WBS SCR

MEMORANDUM AND ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

----oo0oo----

        Before the court is petitioner's motion for temporary restraining order, in which he requests an order compelling his immediate release from custody.  (Docket No. 14.)[1]  The court held oral argument in the matter on March 3 and 9, 2026.

        Petitioner argues that his release is warranted because his "prolonged detention" violates the Due Process Clause.  (See

---

[1]    In his motion for temporary restraining order, petitioner also originally requested that he be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a).  (See Docket No. 14.)  Petitioner has since been provided with a bond hearing, so the court need not address that request.

1

Docket No. 14 at 1-2.)  At oral argument, petitioner's counsel represented that petitioner has been held in immigration detention since approximately June 2025.

The length of an individual's detention, alone, however, is not determinative of whether detention violates the Due Process Clause.  Determining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether: (1) the petitioner's immigration proceedings have been infected with bad faith or undue delay by the agency; (2) the petitioner's detention is directly associated with a judicial review process that has a definite and evidently impending termination point, and is thus akin to detention during the administrative review process that was upheld by the Supreme Court; and (3) there is evidence that the petitioner is unremovable because the destination country will not accept him or his removal is barred by our own laws.  Uulu v. Warden, --- F. Supp. 3d ----, 2026 WL 412204, at *7 (E.D. Cal. Feb. 13, 2026).

Petitioner has not provided any evidence that his "immigration proceedings have been infected with bad faith or undue delay."  Id. at *7.  Rather, most of the initial delays in petitioner's immigration proceedings were "the result of [his] own [requests for] continuances."  (Docket No. 16 at 3.)  At oral argument, counsel for both parties represented that petitioner had a hearing before an immigration judge regarding his removability on February 4, 2026, and that petitioner has appealed the immigration judge's decision arising from that hearing to the Board of Immigration Appeals.  There is no

2

indication that the Board's appeal process – which commenced just one month ago – has been prolonged.

Further, petitioner's detention is "detention during the administrative review process, which [has been] upheld by the Supreme Court." (Id. (quoting Uulu, 2026 WL 412204, at *7) (citation modified).) Lastly, there is no evidence that petitioner is unremovable for any reason or that his removal would be barred by our laws. See Uulu, 2026 WL 412204, at *7.

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order requiring his immediate release from custody (Docket No. 14) be, and the same hereby is, DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for all further proceedings.

Dated:  March 9, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3