UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO GARCIA-CORTES
(A#235-258-742),

               Petitioner,

     v.

GOLDEN STATE ANNEX DETENTION
FACILITY, et al.,

               Respondents.

No.  1:25-cv-01777-WBS-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Factual and Procedural History**

Petitioner is a native of Mexico who entered the United States on a tourist visa in approximately July 1992.  See ECF No. 11 at 5.  Since that time, he has continuously resided in this country, establishing both a family as well as "his own company with multiple licenses and state contracts."  ECF No. 11 at 5.  On October 31, 2024, he applied to adjust his immigration status and for cancellation of removal.  ECF No. 11 at 5.  On June 3, 2025, petitioner showed up for an interview on his pending immigration application, but was instead detained by Immigration

1

and Customs Enforcement ("ICE").  ECF No. 11 at 5-6.  He has been detained at the Golden State Annex located in this judicial district since that time.  ECF No. 11 at 4.

On February 4, 2026, an immigration judge ("IJ") ordered him removed, but petitioner appealed that decision to the Board of Immigration Appeals ("BIA") where it remains pending.  ECF No. 11 at 6; see also https://perma.cc/2B6B-KQMH (EOIR's Automated Case Information database searchable by A# and country of origin).  Therefore, his order of removal is not administratively final.  ECF No. 11 at 6.

On February 20, 2026 petitioner filed an amended § 2241 along with a separate motion for a temporary restraining order ("TRO") requesting immediate release from immigration custody based his Fifth Amendment right to due process.  ECF Nos. 11, 14.  The District Judge denied the motion for a TRO on March 9, 2026.  ECF No. 22.  In so doing, he applied the standard in Uulu v. Warden, 820 F.Supp.3d 1113 (E.D. Cal. 2026), which reviews:

> [W]hether: (1) the petitioner's immigration proceedings have been infected with "bad faith or undue delay by the agency," (2) the petitioner's detention is "directly associated with a judicial review process that has a definite and evidently impending termination point," and is thus "akin to detention during the administrative review process [that] was upheld [by the Supreme Court] in [Demore] (3) there is "evidence that [the petitioner] is unremovable because the destination country will not accept him or his removal is barred by our own laws[.]"

Id. at 1122 (internal quotations and citations omitted); see also ECF No. 22 at 2.

On the same day that the TRO was denied, petitioner had a bond hearing before an IJ. The IJ denied release, finding that petitioner was a flight risk and a danger to the community.  See ECF No. 29-1 (transcript of bond hearing).  Since the IJ did not understand that the government had conceded as part of these habeas proceedings that petitioner was entitled to a bond hearing under § 1226(a),[1] she assumed that this Court had granted a TRO and, alternatively, denied petitioner bond even if the Department of Homeland Security had the burden by clear and

---

[1] Respondents' conceded in their answer to the amended § 2241 application that petitioner's prior convictions, which were the basis for his original immigration detention in June 2025 had been vacated on January 29, 2026.  ECF No. 25 at 2.  Since petitioner was no longer subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) on the basis of these prior convictions, he was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  ECF No. 25 at 2.

convincing evidence to show that petitioner was a flight risk or danger.  See ECF No. 29-1 at 3-4, 7 (explaining that "[m]y understanding is that this was all done verbally in federal district court" and complaining that "the judges don't think it's important enough… to issue a written order that explains what the reasoning is and why and what the burden is and why"); ECF No. 29-2. According to the Executive Office of Immigration Review's Automated Case Information system, petitioner has not appealed this bond denial to the Board of Immigration Appeals.  See https://perma.cc/2B6B-KQMH.

In his second amended § 2241 application, petitioner challenges the IJ's bond determination because it was based "on vacated convictions and denied witness testimonies." ECF No. 29 at 2.  By way of relief, petitioner renews his request for immediate release from immigration detention.  ECF No. 1 at 19.

Respondents filed an opposition relying on their answer to the first amended § 2241 petition.  ECF Nos. 25, 30.  According to respondents, petitioner is detained pursuant to 1226(a) and has received all the relief that he is entitled to in the form of a bond hearing.  Id.  Regarding the merits of petitioner's prolonged detention claim, respondents rely on the District Judge's analysis when he denied the TRO motion.  ECF No. 25 at 2-3.

Petitioner did not file a reply to the answer and the time to do so has expired.

**II.     Legal Standards**

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024).  "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard."  Id. (citation and quotations omitted).  In other words, "[i]n reviewing the IJ's determination, a district court['s] ... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

////

3

Moreover, a habeas court reviews pure questions of law de novo. See Singh v. Holder, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

### III.   Analysis

Petitioner's original claims for immediate release or, alternatively, a bond hearing before an IJ, are not currently viable. Given that administrative review of petitioner's removal order is ongoing, he is not entitled to immediate release under the Zadvydas v. Davis, 533 U.S. 678 (2001) framework. His detention is surely prolonged. However, with administrative review ongoing, Ninth Circuit precedent precludes a finding that his detention is potentially "indefinite" such that Zadvydas applies. See Prieto-Romero v. Clark, 534 F.3d 1053, 1064-65 (9th Cir. 2008). Moreover, given that petitioner has already received a bond hearing, his alternative request for a bond hearing is apparently moot.[2] The Court accordingly turns to petitioner's challenge of the adequacy of the IJ bond hearing he received.

The undersigned begins by noting that the IJ bond hearing held in March 2026 was not the result of any order by this Court. Therefore, this case is distinguishable from other cases where habeas petitioner's have sought to enforce federal court orders requiring IJ bond hearings. See, e.g., S.E. v. Noem, et al., No. 1:26-cv-00356-DAD-SCR, 2026 WL 627456 (E.D. Cal. March 5, 2026), adopted in part by 2026 WL 836327 (March 26, 2026). As a result, this Court's review of the IJ's bond decision is limited to whether the IJ abused her discretion in determining that petitioner was a flight risk and a danger. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). Although petitioner's most recent convictions for violating California Penal Code § 273.5(a) were vacated by the Madera County Superior Court, ECF No. 26 at 22-23, the government cited separate convictions for domestic violence in 1995, 1996, and 2005 as well as criminal traffic offenses as recently as 2022 and 2023 to argue that petitioner should be denied an immigration bond. ECF No. 29-1 at 7-8. Ultimately, the IJ concluded that petitioner's criminal history was

---

[2] Even if the Court were to construe that request as seeking a second, successive bond hearing, the Court would not recommend such a due process remedy on the current record. Ninth Circuit precedent precludes the argument that, as a matter of due process, a successive bond hearing is necessary when detention has become prolonged. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209-10 (9th Cir. 2022). Nor has petitioner argued that a successive bond hearing is necessary under the unique facts of his case.

4

"extensive." ECF No. 29-1 at 9. Moreover, Petitioner did not file any mitigating evidence that may have been presented to the IJ in this habeas proceeding. On the record before the Court, the undersigned cannot find that the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence'" with respect to dangerousness. Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021). Since the IJ's danger determination is sufficient to support a bond denial, the undersigned finds it unnecessary to separately address whether the IJ's flight risk finding constituted an abuse of discretion. Petitioner is not entitled to relief on his challenge to the IJ's bond determination.

Petitioner's separate challenge to the IJ's denial of witnesses at the bond hearing based on Section 9.3(e)(6) of the Immigration Court Practice Manual does not support relief in this case. See ECF No. 29-1 at 9. Petitioner does not indicate what witnesses and testimony would have been provided at the bond hearing, much less explain how such testimony might have changed the outcome of the proceeding. As a result, petitioner has not established any potential prejudice resulting from the IJ's procedural ruling. See Prieto-Romero, 534 F.3d at 1066 (9th Cir. 2008) (denying relief because the noncitizen could not demonstrate that "the alleged due process violation adversely affected the IJ's determination that he was eligible for bond."). Accordingly, the undersigned recommends denying this claim for relief in the second amended § 2241 petition.

Accordingly, IT IS RECOMMENDED that petitioner's second amended application for a writ of habeas corpus (ECF No. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).

////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE